IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK J. CERQUA,            )
                              )
       Plaintiff,             )
                              )
    v.                        )    CIVIL ACTION NO. 1:12cv139-WC
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of Social Security, )
                              )
       Defendant.             )

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Patrick J. Cerqua, applied for and was denied Disability Insurance Benefits ("DIB") under sections 216 and 223 of Title II of the Act, 42 U.S.C. §§ 416(i), 423, on August 16, 2002 (Tr. 47-49). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which Plaintiff was found not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Following a review, this court remanded the case to the Commissioner for further administrative proceedings on September 26, 2006 (Tr. 322-23). A supplemental hearing was held on May 9, 2007, at which Plaintiff and his legal counsel appeared, as well as a vocational expert (Tr. 471-505). The ALJ issued a decision on August 25,

2007, that Plaintiff was not disabled within the meaning of the Act (Tr. 296-307). The Appeals Counsel denied review. Following another review, this court again remanded the case to the Commissioner for further administrative proceedings on August 4, 2009 (Tr. 565-80). A second supplemental hearing was held on February 22, 2010, at which Plaintiff and his legal counsel appeared, as well as a vocational expert (Tr. 681-706). The ALJ issued a decision on April 29, 2010, that Plaintiff was not disabled within the meaning of the Act (Tr. 512-30). The Appeals Council denied review of that decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 11); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

4

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was 37 years of age at the time of his alleged onset date of December 31st 2002 and had a high school education. Tr. 23 & 61. Plaintiff's past relevant work experience was as a "tire changer," "laborer, concrete molding," "automobile mechanic,"

and "automobile dealer/wholesaler."  Tr. 528.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "did not engage in substantial gainful activity during the period from February 1, 2002, his amended disability onset date, through his date last insured of December 31, 2002."  (Step 1)  Tr. 518.  At Step 2, the ALJ found that, "through the date last insured," Plaintiff suffered from the following severe impairments:  "history of lumbar laminectomy with persistent mild radicular pain in the left lower extremity, degenerative disc disease of the lumbar, thoracic, and cervical spine, and bilateral carpal tunnel syndrome."  *Id*.  The ALJ then found that, "through the date last insured," Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  *Id*.  Next, the ALJ found that, "through the date last insured," Plaintiff had the RFC "to perform sedentary work," reduced by limitations from work requiring climbing ropes/scaffolds, balancing, crawling, or lifting overhead, and work not allowing periodic alternation between sitting and standing.  Tr. 523.  At Step 4, the ALJ found that "[t]he transferability of job skills was not material to the determination of disability."  Tr. 528.  After consulting a VE, the ALJ determined that "there were jobs that existed in significant numbers in the national economy" that Plaintiff could have performed.  Tr. 57.  The ALJ identified the following occupations as examples:  "Bench Assembler," "Surveillance System Monitor," and

6

"Order Clerk."  Tr. 529.  Accordingly, the ALJ determined that Plaintiff had not been under a disability from February 1, 2002, through December 31, 2002.  Tr. 530.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: 1) "Whether [the] Commissioner erred by failing to base his finding on substantial evidence"; and 2) "Whether the Commissioner erred by giving significant weight to the non-examining reviewing consultant."  Pl.'s Br. (Doc. 16) at 1.

## V.   DISCUSSION

### A.   *Whether the Commissioner erred by failing to base his finding on substantial evidence.*

Plaintiff asserts that the ALJ erred in making his credibility determination when applying the pain standard.  The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

"In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  The ALJ evaluates the "claimant's subjective

7

testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id*. at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Ala. 2006) (quoting *Elam*, 927 F.2d at 1215). After making these determinations, the ALJ proceeds to consider the claimant's subjective testimony about pain, and the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). It is at this point where Plaintiff takes issue in the present case. Plaintiff argues that the ALJ's credibility determination lack substantial evidence.

In making the credibility determination, the ALJ found that Plaintiff's subjective testimony of disabling pain was not consistent with treatment notes, or Plaintiff's description of his own activities. Tr. 526. With regard to the treatment notes, the ALJ acknowledged Plaintiff's long history of treatment "with potent pain medications," but noted that the treatment notes from Dr. Farb show that he was having a good response to

Oxycontin and that, from January 2001 through March 2002, Plaintiff remained stable on Oxycontin therapy.  *Id*.  The ALJ noted that there was an increase in the dosage in June of 2002 and by August of 2002 Plaintiff reported a "marked improvement" in his pain.  *Id*.  The ALJ found that these treatment notes were inconsistent with Plaintiff's testimony regarding that time period.

In his brief, Plaintiff challenges these findings by arguing that he did not remain stable on Oxycontin therapy, that the records show that the medicine only relieved the pain some of the time, and that the increase in medication showed that the medication "provided some relief in order for the claimant to minimally function, but did not completely resolve the pain."  Pl.'s Br. (Doc. 16) at 10.  With regard to the stability of the Oxycontin therapy, as stated above, the ALJ described the period between January 2001 and March 2002 as stable and then discussed the period when the dosage was increased.  Plaintiff's citations to the medical record to show that the treatment was not stable, mainly addresses time periods outside the relevant time period.  He does not provide evidence to refute the stability of the time between January 2001 and March 2002.

Moreover, the records reflect that, at the time, Plaintiff described the medications as working, specifically describing the Oxycontin therapy during the stable period as helping him "feel reasonably good" and helping him "live more normally."  *Id*.  When the medication was increased in June 2002, he reported a "marked improvement."  *Id*.  The determination here is not whether the medications "completely resolve the pain," but

9

whether the pain was disabling. The court can find no error with the ALJ's reliance on the treatment notes in making the credibility finding.

Similarly, the court finds no error in relying on Plaintiff's own description of activities. As in his arguments regarding treatment notes, Plaintiff does not argue error in the process, rather he disagrees with the ALJ's determination. In so doing, Plaintiff argues with each of the ALJ's determination of daily activities, such as housework, grocery shopping, getting dressed, and other minor activities. Pl.'s Br. (Doc. 16) at 12. The problem for Plaintiff is that the court's determination here, is to find whether the ALJ's decision is supported by substantial evidence and "[e]ven if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence." *Crawford*, 363 F.3d at 1158. The ALJ's determination that Plaintiff's activities are inconsistent with his subjective complaints of disabling pain is supported by substantial evidence, and the court "will not substitute [its] judgment for that of the Commissioner." *Barnes v. Sullivan*, 932 F.2d 1356, 1357-58 (11th Cir. 1991).

### B.   *Whether the Commissioner erred by giving significant weight to the non-examining reviewing consultant.*

Here, Plaintiff argues that the ALJ erred in relying on the consulting review of Dr. Lober, and that this review did not constitute substantial evidence. Plaintiff contrasts Dr. Lober's opinion with that of Dr. Farb's. Pl.'s Br. (Doc. 16) at 14. No such conflict in the

10

opinions exists.  Basically, Plaintiff asserts that Dr. Farb implicitly opined that Plaintiff would be unable to perform work.  *Id.*  Plaintiff argues this is in conflict with Dr. Lober's opinion, which was relied on to help formulate the RFC.  *Id.*  Plaintiff bases this argument on a quote from Dr. Farb's treatment notes, that Plaintiff "really can't do any other jobs."  The problem, is that this statement was merely a report of Plaintiff's statements, not the doctor's opinion.  *See* Tr. 146.  Dr. Farb did not provide a formal report on Plaintiff's ability to work.  Thus, the ALJ properly ordered a consultative review by Dr. Lober.  The ALJ relied on that review, along with the medical evidence from doctors Farb, Gerber, Hawkins, and Guttman in determining the RFC.  The RFC is supported by substantial evidence and the court will not disturb it.

## VI.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 13th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE